Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2577 | **DATE** | 1/30/2002 |
| **CASE TITLE** | William T. Divane, Jr., et al. vs. Majestic Properties, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Report and recommendation recommending that plaintiff's motion for Rule 11 sanctions against Majestic Properties, Inc. and Vaughn A. White [13-1] be denied is hereby entered of record. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 31 2002 | |
| | Notified counsel by telephone. | | date docketed | 31 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| ✓ | Copy to judge/magistrate judge. | | 1/30/2002 | |
| | | 02 JAN 30 PM 1:33 | date mailed notice | |
| IS | courtroom deputy's initials | Date/time received in central Clerk's Office | IS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM T. DIVANE, JR., et al., as the **ELECTRICAL INSURANCE TRUSTEES**, ) ) ) ) | |
| Plaintiffs, ) | Case No. 01 C 2577 |
| v. ) | Chief Judge Marvin E. Aspen |
| **MAJESTIC PROPERTIES, INC.** d/b/a **CITIZENS ELECTRIC**, ) ) ) | Magistrate Judge Martin C. Ashman |
| Defendant. ) | |

DOCKETED
JAN 3 1 200

## REPORT AND RECOMMENDATION

William T. Divane, Jr., et al., as the Electrical Insurance Trustees, filed suit against Majestic Properties, Inc. under provisions of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§ 141-187 (2001), and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 (2001). The suit arose out of Majestic's purported failure to pay fringe benefit contributions according to the terms of a collective bargaining agreement. Presently before this Court is the Trustees' Motion for Rule 11 Sanctions Against Majestic Properties, Inc. and Vaughn A. White, Majestic's counsel. The motion concerns Majestic's Motion for Involuntary Dismissal with Prejudice, which was filed by White, and which was denied by Chief Judge Marvin Aspen on August 28, 2001. For the following reasons, this Court recommends that the Trustees' motion for sanctions be denied.[1]

---

[1] This matter comes before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1 for a report and recommendation.

# I. Background

In April 2000, Majestic assented to the terms of a collective bargaining agreement between the Electrical Contractors Association and Local Union 134. Among other things, Majestic was to pay certain wage rates to its employees and make certain monthly contributions to the Trustees to cover fringe benefits for Majestic's employees.

According to the Trustees, almost immediately problems developed in connection with Majestic's payment of monthly contributions. In October 2000, the Trustees sent a letter to Majestic informing it that the Trustees had decided to audit Majestic for the period from January 2000 through October 2000. The letter was returned to the Trustees as unclaimed. In November 2000, the Trustees sent the same letter to Majestic; this time Majestic received the letter.

Shortly after Majestic received the letter, Michael Scrementi, an auditor, contacted Vince Williams of Majestic to schedule a date for the audit. Williams wanted to speak to his attorney before agreeing to schedule the audit. Williams promised to contact Scrementi after doing so. In December 2000, Scrementi left two voice-mail messages for Williams because Scrementi had not heard from Williams. Williams never returned Scrementi's telephone calls.

On January 29, 2001, the Trustees sent a letter to Majestic requesting that it schedule the audit with Scrementi. Majestic apparently took no immediate action in response to the letter, so the Trustees filed suit in federal court and suspended the medical benefits of Majestic's employees effective May 1, 2001. Eventually, Majestic and Scrementi scheduled the audit on May 21, 2001. Around the same time that Majestic and Scrementi agreed on the date for the

audit, the Trustees decided to change the scope of the audit from January 2000 through October 2000 to January 2000 through April 2001.

On April 30, 2001, Majestic delivered a check to the Trustees for $4851.67, which was the amount requested in the Trustees' complaint. The Trustees had assessed Majestic's delinquent contributions at $3851.67 and had levied a $1000 fine on Majestic for refusing to schedule the audit pursuant to Article XXI, Section K of the collective bargaining agreement. (Compl. ¶¶ 13, 15.) Three weeks later, on May 21, 2001, the audit took place at Majestic's place of business as scheduled; however, Scrementi was unable to complete the audit because Majestic failed to provide Scrementi with certain documents.

Before Scrementi could complete the audit, Majestic filed its Motion for Involuntary Dismissal with Prejudice to end the Trustees' pending suit in federal court. In its motion for dismissal, Majestic raised several factual arguments, stating, for example, that it "has never refused to submit to a payroll audit" and that "[n]o evidence exists to support the belief that [Majestic] has either underpaid or overpaid on any of its contributions." (Majestic's Mot. Involuntary Dismissal at 1-2.) Majestic attached an affidavit and several other exhibits to its motion.

In response to Majestic's motion, the Trustees filed a motion in opposition and the instant Motion for Rule 11 Sanctions Against Majestic Properties, Inc. and Vaughn A. White.[2] In their motion for sanctions, the Trustees criticize Majestic for not identifying in its motion for dismissal whether the motion was made pursuant to Rule 12(b)(6) or Rule 56(c), and, assuming the motion

---

[2] The Trustees filed their motion for sanctions on August 13, 2001. They served Majestic with a copy of the motion on July 18, 2001, in accordance with Rule 11(c)(1)(A). *See* Fed. R. Civ. P. 11(c)(1)(A).

was made pursuant to Rule 56(c), for not complying with Local Rule 56.1(a). Furthermore, the Trustees accuse Majestic of including false and misleading statements in its motion for dismissal and in the attached affidavit. According to the Trustees, Majestic presented its motion for dismissal to harass the Trustees, to cause unnecessary delay, and to needlessly increase the costs of this litigation in violation of Rule 11(b)(1). The Trustees also assert that Majestic violated Rule 11(b)(2) by presenting a motion that was not warranted by existing law. We address these arguments below.

## II. Discussion

Federal Rule of Civil Procedure 11(b) states that, by presenting a motion to the court, an attorney certifies that the motion "is not being presented for any improper purpose," that "the claims, defenses, and other legal contentions [contained in the motion] are warranted by existing law," and that "the allegations and other factual contentions [contained in the motion] have evidentiary support." Fed. R. Civ. P. 11(b)(1)–(3). The attorney must make the certification "to the best of [the attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b). Think first then file is the essence of the rule. *Stewart v. RCA Corp.*, 790 F.2d 624, 633 (7th Cir. 1986).

The Trustees first argue that Majestic violated Rule 11(b)(1) by filing its motion for dismissal for an improper purpose, namely to harass, to cause unnecessary delay, and to cause needless increase in the cost of this litigation. The argument is wholly without support. The Trustees offer no details to evince harassment, delay, or needless increase in the cost of this litigation. The only mention of any improper purpose appears in a conclusory sentence near the

- 4 -

end of the Trustees' motion for sanctions, as an apparent afterthought. (*See* Trustees' Mot. Rule 11 Sanctions ¶ 8.) Our own review of the history of this case demonstrates no abuse. The effect of Majestic's motion for dismissal was not to delay the proceedings in any way. Improper purpose means "'something other than [the] mere assertion of frivolous or unfounded legal arguments or contentions.'" *Tanner v. Nelson Tree Serv., Inc.*, No. 99 C 6154, 2001 WL 1530581, at *4 (N.D. Ill. Aug. 1, 2001) (quoting 2 James Wm. Moore et al., Moore's Federal Practice ¶ 11.11[8][e] (3d ed. 2001)). So, to the extent that the Trustees rely on frivolousness as the basis for Rule 11(b)(1) sanctions, that argument fails as well.

The Trustees next argue that Majestic's motion for dismissal was not warranted by existing law—in other words, it was frivolous—in violation of Rule 11(b)(2). A motion is frivolous if it is "baseless," foreclosed by well-established legal principles and authoritative precedent. *Independent Lift Truck Builders Union v. NACCO Materials Handling Group, Inc.*, 202 F.3d 965, 969 (7th Cir. 2000); *Tanner*, 2001 WL 1530581, at *4. Here, Majestic failed to include any citation to case law in its motion for dismissal, and Majestic did not indicate in its motion for dismissal whether the motion was pursuant to Rule 12(b)(6) or Rule 56(c). Majestic attached exhibits to its motion for dismissal to dispute the factual allegations in the Trustees' complaint, as one would do on a motion for summary judgment. However, Majestic did not submit a statement of facts in accordance with Local Rule 56.1(a).

Judge Aspen elected to treat Majestic's motion for dismissal as one pursuant to Rule 12(b)(6) rather than Rule 56(c). (Order of 8/28/01, at 2 ("Since Majestic insists that its motion is pursuant to Rule 12(b)(6), and since summary judgment would not completely dispose of this case at this time, we decline to convert Majestic's motion into a motion for summary

judgment.").) Naturally, Judge Aspen denied Majestic's motion for dismissal because Rule 12(b)(6) tests the legal sufficiency of the complaint and not the merits of the case. *See Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989).

Majestic's failure to cite to either Rule 12(b)(6) or Rule 56(c) in its motion for dismissal is inexcusable. Majestic's apparent misunderstanding of the standards for deciding motions to dismiss and motions for summary judgment is certainly cause for concern. But we cannot say that Majestic's failure to cite, coupled with its misunderstanding of the standards, is sanctionable conduct under Rule 11(b)(2). After all, Rule 12(b) expressly allows parties to file motions to dismiss that should be filed as motions for summary judgment. Fed. R. Civ. P. 12(b).

Sanctions may be in order where the challenged motion to dismiss with attached exhibits is baseless both as a motion to dismiss under Rule 12(b)(6) and as a motion for summary judgment under Rule 56(c). In that situation, the motion would truly be baseless as a means of disposing of the case. Here, the Trustees have pointed only to the flaws of Majestic's motion as a motion to dismiss; the merits of Majestic's motion as a motion for summary judgment have been entirely ignored. After consideration, we find no reason to hold that Majestic's motion is baseless as a motion for summary judgment, and therefore sanctions against Majestic are not warranted under Rule 11(b)(2).

Lastly, the Trustees argue that this Court should sanction Majestic under Rule 11(b) because Majestic's motion for dismissal contains three false statements and one misleading statement. We consider this part of the Trustees' motion under Rule 11(b)(3), which authorizes the courts to sanction attorneys for making allegations and other factual contentions that lack

evidentiary support. *See Carona v. Falcon Servs. Co.*, 72 F. Supp. 2d 731, 733 (S.D. Tex. 1999); *Stuart-James Co. v. Rossini*, 736 F. Supp. 800, 807-08 (N.D. Ill. 1990).

The first purported false statement appears once in Majestic's motion for dismissal and once in Williams's affidavit: "[Majestic] has never refused to submit to a payroll audit." (Majestic's Mot. Involuntary Dismissal ¶ 2; Williams's Aff. ¶ 4.) The conclusive proof of this statement's falsity, according to the Trustees, is the difficulty experienced by Scrementi in scheduling the audit—e.g., unanswered letters and unreturned telephone calls—the fact that Majestic agreed to schedule the audit only after the Trustees filed the complaint, and Majestic's payment of the $1000 fee for refusing to schedule the audit. (Trustees' Mot. Rule 11 Sanctions ¶ 3(a)–(f).) As the Trustees' proof does not flatly contradict Majestic's statement on its face, we find that the proof falls remarkably short of conclusively establishing the falsity of Majestic's statement. *See Consolidated Doors, Inc. v. Mid-America Door Co.*, 120 F. Supp. 2d 759, 768 (E.D. Wis. 2000); *Stuart-James Co.*, 736 F. Supp. at 807-08. The Trustees' assemblage of proof evinces, at most, that Majestic engaged in dilatory, irresponsible, and objectionable conduct and that, for some reason, Majestic sought to avoid litigating the $1000 fee. In the absence of proof that Majestic actually refused to schedule the audit, the Trustees had no basis for charging Majestic and its attorney as liars.

The Trustees next attack the truth of Majestic's statement that it "'has provided all available documents that have been requested by [the Trustees].'" (Trustees' Mot. Rule 11 Sanctions ¶ 4 (quoting Majestic's Mot. Involuntary Dismissal at 2).) Here too the Trustees' accusation is without evidentiary support. The Trustees have not provided this Court with any

evidence to show that, at the time Majestic filed its motion for dismissal, Majestic withheld a single *available* document. Accordingly, we reject the Trustees' request for sanctions.

Surprisingly, the Trustees have the audacity to challenge the truth of Majestic's statement that the Trustees extended the audit. (Trustees' Mot. Rule 11 Sanctions ¶ 6 (quoting Majestic's Mot. Involuntary Dismissal at 6).) The period of the original audit was from January 2000 through October 2000. In April 2001, the Trustees informed Majestic that the audit would continue through that month. To extend means to "expand the area or scope of." Webster's II New Riverside University Dictionary 456 (1994). We beg the Trustees to find a more clear example of an expansion of scope than that which occurred in this case in connection with the audit. The Trustees themselves have come dangerously close to violating Rule 11(b)(3) on this point.

The Trustees' charge of misrepresentation involves Majestic's statement that "'[n]o evidence exists to support the belief that [Majestic] has either underpaid or overpaid any of its contributions.'" (Trustees' Mot. Rule 11 Sanctions ¶ 5 (quoting Majestic's Mot. Involuntary Dismissal at 3).) In the statement that immediately followed this one in Majestic's Motion for Involuntary Dismissal, Majestic explained: "[The Trustees] have not issued any invoices to [Majestic] for any underpayment of contributions nor have [the Trustees] issued any credits for overpayment of contributions." (Majestic's Mot. Involuntary Dismissal at 3.) A quick reference to Williams's affidavit, which was attached to Majestic's motion for dismissal, reveals the evidentiary support for these statements. (Williams's Aff. ¶ 5.) We find nothing about Majestic's representation of Williams's statements that is misleading. *Cf. Flanagan v. Shamo*, 111 F. Supp.

2d 892, 899 (E.D. Mich. 2000); *United States v. Wiley*, 922 F. Supp. 1405, 1411-12 (D. Minn. 1996).

The Trustees argue that Majestic's statements are misleading because "the Trustees have been unable to complete the audit of Majestic [due to Majestic's failure] to produce the documents which the Trustees have requested." (Trustees' Mot. Rule 11 Sanctions ¶ 5.) The Trustees indicate a disagreement between the parties that will need to be resolved in this litigation, but not a misrepresentation by Majestic in violation of Rule 11(b)(3).

### III. <u>Conclusion</u>

For the reasons stated, this Court recommends that the Trustees' Motion for Rule 11 Sanctions Against Majestic Properties, Inc. and Vaughn A. White be denied.

**Dated:** January 30, 2002.

MARTIN C. ASHMAN
United States Magistrate Judge

Written objections to any finding of fact, conclusion of law, or the recommendation for disposition of this matter must be filed with the Honorable Marvin E. Aspen within ten (10) days after service of this Report and Recommendation. *See* FED. R. CIV. P. 72(b). Failure to object will constitute a waiver of objections on appeal.

Copies have been mailed to:

| | |
|---|---|
| EDWIN C. CONGER, Esq.<br>DAVID R. SHANNON, Esq.<br>ANN ADDIS PANTOGA, Esq.<br>Tenney & Bentley, L.L.C.<br>111 West Washington Street<br>Suite 1900<br>Chicago, IL 60602-2703 | VAUGHN A. WHITE, Esq.<br>1905 West 103rd Street<br>Chicago, IL 60643 |
| Attorneys for Plaintiffs | Attorney for Defendant |